**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. _____

TIMOTHY SMITH,
SUZANNE SMITH, and
ABIGALE O'BRIEN,

      Plaintiffs,

v.

BELLCO CREDIT UNION; and
Does 1-10, inclusive,

      Defendant(s).

---

## COMPLAINT

---

### I.

### INTRODUCTION

1.    This is an action for damages and declaratory and injunctive relief, brought by Timothy Smith, Suzanne Smith, and Abigale O'Brien (collectively "Plaintiffs") because of Defendant Bellco Credit Union's violations of Plaintiffs' rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq*., and the California Consumer Credit Reporting Agencies Act ("CCRAA"), California Civil Code § 1785.25, *et seq*.

### II.

### PARTIES

2.    Plaintiff Timothy Smith ("Timothy Smith"), is an adult individual citizen, natural person, and legal resident of Palos Verdes Estates, California. Timothy Smith was, at all relevant times, a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

3.      Plaintiff Suzanne Smith ("Suzanne Smith"), is an adult individual citizen, natural person, and legal resident of Palos Verdes Estates, California. Suzanne Smith was, at all relevant times, a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

4.      Plaintiff Abigale O'Brien (hereinafter referred to as "Abigale O'Brien"), is an adult individual citizen, natural person, and legal resident of Aurora, Colorado. Abigale O'Brien was, at all relevant times, a "consumer" as the term is defined by 15 U.S.C. § 1681a(c).

5.      Defendant Bellco Credit Union  ("Bellco" or "Defendant"), is a Nonprofit Corporation that is qualified to, and regularly does, conduct business in the State of Colorado.

6.      Bellco maintains its legal residence and principal place of business at 7600 E. Orchard Road, Suite 400N, Greenwood Village, CO 80111, and can be served through Resident Agent Daniel R. Kampen at 7600 E. Orchard Road, Suite 400N, Greenwood Village, CO 80111.

7.      Plaintiffs aver that Defendant acted by and through its authorized agents, servants, officers, and/or employees at all times material hereto and described herein.

8.      At all relevant times, Bellco is  a "person" as the term is defined by 15 U.S.C. § 1681a(b).

9.      Bellco regularly and in the ordinary course of business furnishes information to one or more consumer reporting agencies ("CRAs") about its transactions or experiences with any consumer. 15 U.S.C. 1681s-2(A). Bellco is thus a "furnisher" of credit information as the term is used in the FCRA and as defined by 12 CFR § 1022.41(c).

10.     Bellco is also a "creditor" as that term is defined by Cal. Civ. Code § 1785.26(a)(1).

11.     At all relevant times, credit reports as alleged in this pleading are "consumer reports" as that term is defined by 15 U.S.C. §1681a(d).

12.     Under the CCRAA, "negative credit information" means information concerning the credit history of a consumer, including late payments, that would reasonably be expected to affect adversely the consumer's ability to obtain or maintain credit. Cal. Civ. Code 1785,26(a)(2).

13.     Bellco and its subsidiaries and agents are collectively referred to as "Defendant." The true names and capacities of the Defendants sued herein as DOE Defendants 1 through 10, inclusive, are currently unknown to Plaintiffs, who therefore sue such Defendants by fictitious names.  Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein.  Plaintiffs will seek leave of Court to amend the Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

14.     Plaintiffs are informed and believe that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants.

15.     Plaintiffs are informed and believe that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III.

## JURISDICTION AND VENUE

16.     Jurisdiction of the court arises under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k and 15 U.S.C. § 1681(p) ("FCRA").

17.     Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b) and/or (c) because Plaintiffs suffered injuries as a result of Defendant's acts in this District, the conduct at issue occurred in this District, at least one Plaintiff resides in this District, and Defendant is

authorized to conduct business in this district and has intentionally availed itself of the laws and markets of this District.

## IV.

### FACTUAL ALLEGATIONS

18.     At various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, Defendant permitted derogatory information to be placed on Timothy Smith and Abigale O'Brien's credit reports, which stated that Plaintiffs were late in making payments on their auto loan with Defendant. However, such reporting was inaccurate, incomplete, and misleading.

19.     In or around March 2019, Plaintiffs learned that Defendant reported as late Plaintiffs' timely loan payment for February 2019. This reporting was incomplete, inaccurate, and misleading.

20.     Plaintiffs immediately disputed the  information directly to Bellco.

21.     In or around May 2019, Plaintiffs received a letter from Defendant regarding  its amendment of the inaccurate information that Defendant had furnished to the relevant CRAs.

22.     Nevertheless, Defendant's furnishing of inaccurate, incomplete, and misleading information to the CRAs has adversely affected Plaintiffs' credit scores and ability to secure credit that would otherwise have been available to them.

23.     Prior to the filing of this Complaint, Plaintiffs have informed Defendant that the negative credit information it is furnishing is inaccurate, incomplete, and misleading and has resulted in harm to Plaintiffs' by adversely affecting third party credit decisions.

24.     Plaintiffs have requested that Defendant cease furnishing such information.

25.     However, Defendant continues to report the negative credit information despite its actual knowledge of errors in violation of 15 U.S.C. § 1681s-2(a)(1)..

26.     Defendant's furnishing of the disputed credit information had a significant adverse effect on credit decisions based on Plaintiffs' decreased credit scores.

27.     In addition, Defendant failed to notify Plaintiffs of its intention to report negative information to the CRAs. Defendant then failed to correct the disputed information within thirty (30) days of Plaintiffs' dispute of that information despite allegations by Plaintiffs that would cause a reasonable person to have substantial doubts about the accuracy of the information.

28.     Defendant also failed to correct and update the negative credit information in violation of 15 U.S.C. § 1681s-2(a)(2).

29.     Defendant is aware that the CRAs to which it regularly and in the ordinary course of business provides credit information are going to disseminate this information to various other persons or parties for purposes of credit decisions and that they have already done so.

30.     As a result of Defendant's inaccurate, incomplete, and misleading reporting of Plaintiffs' February 2019 loan payment, Plaintiffs' credit scores decreased significantly, which adversely affected their ability to secure credit and/or loans at the rates previously available, if at all.

31.     Despite Plaintiffs' good faith efforts to resolve the dispute, Defendant continues to furnish the disputed negative credit information.

32.     Defendant violated the FCRA by:

    a.  Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2; and

b.   Willfully and negligently continuing to furnish and disseminate to CRAs and other entities inaccurate and derogatory credit, account, and other information concerning Plaintiffs despite knowing that said information was inaccurate in violation of 15 U.S.C. §1681s-2(b).

33.   On information and belief, Defendant also violated the FCRA by failing to provide notice to the CRAs that the inaccurate, incomplete, and misleading information is disputed by Plaintiffs in violation of 15 U.S.C. §1681s-2(a)(2).

34.   Defendant violated the CCRAA by furnishing information on a specific transaction or experience to any CRA though Defendant knew or should have known that the information is incomplete or inaccurate in violation of Cal. Civ. Code § 1785.25(a).

35.   On information and belief, Defendant also violated the CCRAA by failing to include a notice to CRAs that the negative credit information is disputed by Plaintiffs in violation of Cal. Civ. Code § 1785.25(c).

36.   The inaccurate and misleading information negatively reflects upon Plaintiffs, Plaintiffs' credit repayment history, Plaintiffs' financial responsibility, and Plaintiffs' credit worthiness.

37.   The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

38.   As a result of the violations described above , Plaintiffs suffered and continue to suffer injury, including humiliation, embarrassment, mental anguish, and emotional distress.

39.   Defendant is liable to Plaintiffs for damages and reasonable attorneys' fees pursuant to 15 U.S.C § 1681n and 1681o and Cal. Civ. Code § 1785.25(g).

40.     At all relevant times, Defendant was acting by and through its agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant.

41.     At all relevant times, the conduct of Defendant, as well as that of its agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

42.     Defendant's conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages, and harm to Plaintiffs as described above, and, as a result, Defendant is liable for the full amount of statutory, actual, and punitive damages to which Plaintiffs are entitled, in addition to attorneys' fees and costs and any other relief permitted by law.

## V.

## CAUSES OF ACTION

### COUNT I

### VIOLATION OF THE FAIR CREDIT REPORTING ACT ("FCRA")

(15 U.S.C. § 1681s, *et seq.*)

43.     Plaintiffs hereby incorporate by reference in their entirety all preceding paragraphs as if fully set forth herein.

44.     Insofar as Defendant's conduct herein described violates the FCRA, such conduct was willful, intentional, knowing, negligent, and with reckelss disregard for the law and human decency reasonably expected of a furnisher of credit information by any consumer.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the FCRA;

B.    Actual damages;

C.    Statutory damages;

D.    Costs and reasonable attorney's fees; and

For such other and further relief as may be just and proper.

## COUNT 2

## VIOLATION OF THE CALIFORNIA CONSUMER CREDIT REPORTING AGENCIES

## ACT ("CCRAA")

(Cal. Civ. Code § 1785, *et seq*.)

45.    Plaintiffs hereby incorporate by reference in their entirety all preceding paragraphs as if fully set forth herein.

46.    Insofar as Defendant's conduct herein described violates the CCRAA, such conduct was willful, intentional, knowing, negligent, and with reckelss disregard for the law and human decency reasonably expected of a furnisher of credit information by any consumer.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs respectfully pray that judgment be entered against the Defendant for the following:

A.    Declaratory judgment that Defendant's conduct violated the CCRAA;

B.    Actual damages;

C.    Statutory damages;

D.    Reasonable attorneys' fees and costs; and

E.    For such other and further relief as may be just and proper.

## VI.
## TRIAL BY JURY

47.     Plaintiffs are entitled to and hereby demand a trial by jury.  U.S. Const. amend. VII;

Fed. R. Civ. P. 38.

Respectfully submitted this 5th of January, 2021.

s/Todd M. Friedman
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
Attorney for Plaintiffs
